ALEXANDER B. CVITAN (SBN 81746),
MARSHA M. HAMASAKI (SBN 120720), and
ANDREW L. BIRNBAUM (SBN 174912), Members of
REICH, ADELL & CVITAN
A Professional Law Corporation
3550 Wilshire Boulevard, Suite 2000
Los Angeles, California  90010-2421
Telephone: (213) 386-3860
Facsimile: (2l3) 386-5583
E-Mails: alc@rac-law.com; marshah@rac-law.com; andyb@rac-law.com

Attorneys for Construction Laborers Trust Funds for
Southern California Administrative Company, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| CONSTRUCTION LABORERS TRUST FUNDS FOR SOUTHERN CALIFORNIA ADMINISTRATIVE COMPANY, a Delaware limited liability company,<br><br>             Plaintiff,<br><br>     vs.<br><br>WHITE'S EXCAVATING, INC., a California corporation; and DANN WHITE, an individual,<br><br>             Defendants. | CASE NUMBER<br><br>CV-08-5726 SJO (VBKx)<br><br>[PROPOSED] JUDGMENT NUNC PRO TUNC |

Upon Application by Plaintiff Construction Laborers Trust Funds for Southern California Administrative Company's ("Plaintiff") to correct the monetary portion of the Judgment entered by the Court on January 25, 2009 and after full consideration of all admissible evidence and documents submitted, the Court granted Plaintiff's Application for Entry of Judgment Nunc Pro Tunc against Defendants, WHITE EXCAVATING, INC., a California corporation ("WHITES"), DANN WHITE, an individual, (collectively "Defendants") and enters Judgment Nunc Pro Tunc as

-1-

follows:

  IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

(1) That judgment be entered in favor of Plaintiff;

(2) That Plaintiff is awarded a total of $54,316.84 consisting of:(A) $50,684.83 in unpaid contributions, interest on the unpaid contributions and liquidated damages: (B) $3,641.09 in attorney's fees; (C) $506.93 in costs; and (D) credit of $516.01;

(3) That DEFENDANTS are jointly and severally liable for $48,173.45;

(4) That WHITE'S EXCAVATING, INC. is solely liable for $6,143.39;

(5) That WHITE'S EXCAVATING, INC. shall submit to an audit by Plaintiff for the period from September 2007 to the date of the audit, of the following documents:

  (1) All of WHITES' payroll and employee documents as well as any other documents that may be relevant to a determination of the work performed by WHITES', its employees, its subcontractors, and its subcontractors' employees, including but not limited to payroll journals, employee earning records, certified payroll records, payroll check books and stubs, cancelled payroll checks, payroll time cards and state and federal tax returns (and all other state and federal tax documents), as well as labor distribution journals and any other documents that may be relevant to an identification of the employees who performed work for WHITES' or its subcontractors, or which are relevant to a

determination of the projects on which WHITES', its employees, its subcontractors or its subcontractors' employees performed work, including any documents that provide the names, addresses, social security numbers, job classification or the number of hours worked by any one or more of WHITES employees, subcontractors or subcontractors' employees;

(2) All of WHITES's job files for each contract, project or job on which WHITES', its employees, its subcontractors or its subcontractors' employees worked, including but not limited to all documents, agreements and contracts between WHITES' and any general contractor, subcontractor, owners, builder or developer, as well as al field records, job records, notices, project logs, supervisors' diaries or notes, employees' diaries, memoranda, releases and any other documents that relate to the supervision of WHITES' employees, its subcontractors or its subcontractors' employees, or the projects on which WHITES', its employees, its subcontractors or its subcontractors' employees performed work;

(3) All of WHITES' documents related to cash receipts, including but not limited to WHITES' cash receipts, journals, accounts receivable journals, accounts receivable subsidiary ledgers and billing invoices for all contracts, projects or jobs on which

-3-

```
 1                    WHITES', its employees, its subcontracts or its
 2                    subcontractors' employees worked;
 3              (4)   All of WHITES' bank statement, including but not
 4                    limited to those for all checking, savings and
 5                    investment accounts;
 6              (5)   All of WHITES' documents related to cash
 7                    disbursements, including but not6 limited to
 8                    vendors' invoices, cash disbursement journals,
 9                    accounts payable journals, check registers and all
10                    other documents which indicate case disbursements;
11              (6)   All collective bargaining agreements between
12                    WHITES' and any trade union, and all records of
13                    contributions by WHITES' to any trade union trust
14                    fund other than the Trust Funds; and
15              (7)   All documents related to the formation, licensing,
16                    renewal or operation of WHITES'.
17   (6)   That WHITES' is enjoined to comply with its obligations to
18         timely pay and report contributions to the Trust Funds.
19
20              IT IS SO ADJUDGED.
21
22                                       S. James Otero
23   Dated: February 12, 2009         _____
                                         S. JAMES OTERO
24                                       UNITED STATES DISTRICT JUDGE
```

-4-

#165322 v1 - JUDGMENT NUNC PRO TUNC.wpd