1  ALEXANDER B. CVITAN (SBN 81746), and
   MARSHA M. HAMASAKI (SBN 102720), Members of
2  REICH, ADELL & CVITAN
   A Professional Law Corporation
3  3550 Wilshire Boulevard, Suite 2000
   Los Angeles, California  90010-2421
4  Telephone: (213) 386-3860
   Facsimile: (213) 386-5583
5  E-Mails: alc@rac-law.com; marshah@rac-law.com

6  Attorneys for Construction Laborers Trust Funds for
   Southern California Administrative Company, LLC

7

8              UNITED STATES DISTRICT COURT

9       CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

10

11 CONSTRUCTION LABORERS TRUST FUNDS ]  CASE NUMBER
   FOR SOUTHERN CALIFORNIA          ]
12 ADMINISTRATIVE COMPANY, a Delaware ]  CV-08-5726 SJO (VBKx)
   limited liability company,        ]
13                                   ]  ORDER RE CONTEMPT
                Plaintiff,           ]
14                                   ]
       vs.                           ]  HEARING:
15                                   ]
                                     ]  DATE:    NOVEMBER 30, 2009
16 WHITE'S EXCAVATING, INC., a       ]  TIME:    10:00 A.M.
   California corporation; and       ]  PLACE:   COURTROOM 1
17 DANN WHITE, an individual,        ]           312 No. Spring St.
                                     ]           Los Angeles, CA
18             Defendants.           ]
19 ──────────────────────────────────]

20    **I. FACTUAL BACKGROUND**

21

22    1.    This action was brought by Plaintiff, CONSTRUCTION

23 LABORERS TRUST FUNDS FOR SOUTHERN CALIFORNIA ADMINISTRATIVE

24 COMPANY, a Delaware limited liability company on behalf of

25 LABORERS HEALTH AND WELFARE TRUST FUND FOR SOUTHERN CALIFORNIA,

26 CONSTRUCTION LABORERS PENSION TRUST FOR SOUTHERN CALIFORNIA,

27 CONSTRUCTION LABORERS VACATION TRUST FOR SOUTHERN CALIFORNIA,

28 LABORERS TRAINING AND RE-TRAINING TRUST FUND FOR SOUTHERN

                              -1-

1  CALIFORNIA, FUND FOR CONSTRUCTION INDUSTRY ADVANCEMENT, CENTER FOR
2  CONTRACT COMPLIANCE and LABORERS CONTRACT ADMINISTRATION TRUST
3  FUND FOR SOUTHERN CALIFORNIA (collectively, "TRUST FUNDS"),
4  against Defendants, WHITE'S EXCAVATING, INC., ("EMPLOYER"); and
5  DANN WHITE, ("WHITE").

6      2.   On January 28, 2009, the Court entered its Order
7  Granting Plaintiff's Motion for Default Judgment, Final Order for
8  Accounting and Order for Permanent Injunction ("Order") against
9  Defendants, EMPLOYER, and D. WHITE which requires the EMPLOYER to
10 produce its books and records to the TRUST FUNDS for an audit and
11 to comply with EMPLOYER'S reporting obligations to timely pay and
12 report contributions to the TRUST FUNDS, and Judgment and Judgment
13 Nunc Pro Tunc providing for the production of documents for the
14 audit and for compliance with the submission of reports was
15 entered by the Court on January 28, 2009 and February 13, 2009
16 (collectively "Judgment").  The Order and Judgment require
17 EMPLOYER to produce its books and records to the TRUST FUNDS for
18 and audit covering the period from September 2007 through date of
19 the audit.

20     3.   On March 15, 2009,  the Court's Judgment and Judgment
21 Nunc Pro Tunc were personally served on EMPLOYER and D. WHITE.
22 EMPLOYER and D. WHITE failed to comply with the Court's Order and
23 Judgment.

24     4.   Upon application by Plaintiff for an Order To Show Cause
25 Re Contempt with regard to EMPLOYER and D. WHITE'S failure to obey
26 the Court's Order for Accounting, and Judgment, and with notice to
27 EMPLOYER, the Court issued an Order to Show Cause re Contempt and
28 set the contempt hearing for September 14, 2009.  The Order to

-2-

#173896 v1 - PROPOSED ORDER RE CONTEMPT.wpd

Show Cause re Contempt was personally served on EMPLOYER and D.
WHITE on August 10, 2009.   On September 14, 2009, D. WHITE failed
to appear at the hearing; however, the Court was advised that D.
WHITE was scheduling an audit with the TRUST FUNDS, and the
hearing was continued was continued to October 13, 2009.   The
October 13, 2009 hearing was again continued to November 16, 2009,
to allow D. WHITE time to gather additional records for the audit.
On November 16, 2009, Plaintiff's counsel appeared for the
hearing, and no appearance was made by EMPLOYER, D. WHITE or by
any counsel for them.   Plaintiff's counsel indicated to the Court
that although D. WHITE produced records; he has failed to fully
comply with the Court's Order and Judgment.

**II.   FINDINGS**

1.   EMPLOYER and WHITE were personally served with the
Court's Order and Judgment which required EMPLOYER'S compliance
with an audit by the TRUST FUNDS.

2.   EMPLOYER and D. WHITE have failed to fully comply with
the Court's Order and Judgment.

3.   EMPLOYER and D. WHITE were personally served with the
Court's Order to Show Cause re Contempt on August 10, 2009;
however, EMPLOYER and D. WHITE failed to appear for the hearings
set for September 14, 2009 and November 16, 2009.

4.   EMPLOYER has not shown cause why they should not be held
in contempt for failing to obey the Court's Final Order for
Accounting.

//

//

-3-

## III.   CONCLUSIONS OF LAW

1.    Civil contempt occurs when a party fails to comply with a court order after having notice of the order.  General Signal Corporation v. Donallco, Inc., 787 F.2d 1276, 1379 (9th Cir. 1986), United States v. Rycander, 714 F.2d 996, 1003 (9th Cir. 1983), cert. denied 467 U.S. 1209, 104 S.Ct. 2398, 81 L.Ed.2d 355 (1984).

2.    District Courts have the power to punish disobedience to court orders by both civil and criminal contempt.  United States v. Rose, 806 F.2d 931 (9th Cir. 1986).

EMPLOYER and D. WHITE were personally served with this Court's Order for Accounting and Judgment, and have failed and refused to obey the Court's Order.  Further, EMPLOYER and D. WHITE after notice and personal service of the Court's Order to Show Cause re Contempt, have failed to appear before this Court to show cause why they should not be held in contempt for their refusal to obey the Court's Order.  A corporation and its officers with full knowledge of the Court's Order can be held liable for civil contempt.  Peterson v. Highland Music, Inc., 140 F.3d 1313, 1323-24 (9th Cir.1998); 14 Cal.Jur.3d(Rev)Part 1, § 29, p.87.

The Court therefore finds that WHITES EXCAVATING, INC., and DANN WHITE are in civil contempt for their refusal to obey the Court's Order and Judgment for Accounting.

## III.   ORDER RE CIVIL CONTEMPT

Based upon the foregoing findings of fact and conclusions of law and good cause appearing therefor,

/ /

-4-

COPY

1    IT IS HEREBY ORDERED, ADJUDGED AND DECREED, that:

2    1.   EMPLOYER and D. WHITE are in civil contempt for failing

3    and refusing to obey this Court's Order for Accounting and

4    Judgment entered January 28, 2009.

5    2.   The hearing is set again for November 30, 2009, at 10:00

6    a.m., in Courtroom 1 of the United States District Court for the

7    Central District of California, located at 312 No. Spring Street,

8    Los Angeles, California  90012.

9    3.   If EMPLOYER continues to fail to comply with this

10   Court's Final Order for Accounting, and fails to appear at the

11   continued hearing set for November 30, 2009, a bench warrant will

12   issue for the arrest of DANN WHITE.

13

14   DATED: November 18, 2009

15                              _____
                                HON. S. JAMES OTERO, Judge of the
16                              United States District Court
                                Central District of California

17

18

19

20
     PRESENTED BY:
21   REICH, ADELL & CVITAN
     A Professional Law Corporation
22

23
     By:_____/S/_____
24        MARSHA M. HAMASAKI

25

26

27

28

                              -5-

1

<u>PROOF OF SERVICE</u>

2

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3

       I am employed in the County of Los Angeles, State of
California.  I am over the age of 18 years and not a party to the
4 within action; my business address is 3550 Wilshire Boulevard,
Suite 2000, Los Angeles, California 90010-2421.

5

       On **November 17, 2009**, I served the foregoing document
6 described as **[PROPOSED] ORDER RE CONTEMPT** on the interested
parties in this action by placing this action by United States
7 first class mail and by placing

8

☐   the original        ☒   a true copy thereof

9

enclosed in a sealed envelope addressed as follows:

10

11

                      Dann White
                 White's Excavating, Inc.
12               9452 Telephone Road, #159
                    Ventura, CA 93004

13

14      (By Mail)  As follows:  I am "readily familiar" with the
   ☒   firm's practice of collection and processing
15       correspondence for mailing.  Under that practice it would
         be deposited with U.S. postal service on that same day with
16       postage thereon fully prepaid at Los Angeles, California in
         the ordinary course of business.  I am aware that on motion
17       of the party served, service is presumed invalid if postal
         cancellation date or postage meter date is more than one
18       day after date of deposit for mailing in affidavit.

19       Executed on **November 17, 2009**, at Los Angeles, California.

20      (By Personal Service)  I caused such envelope to be
   ☐   delivered by hand to the offices of the addressee.
21

22      (Federal Court)  I declare that I am employed in the
   ☒   office of a member of the bar of this court at whose
23       direction the service was made.

24

25                                    /S/
                               _____
                               Virginia Alvarez
26

27

28